HALL LABORATORIES, Inc., Appellant
and Appellee,

v.

SAMUELS & COMPANY, Inc., Appellee
and Appellant.

SAMUELS & COMPANY, Inc., Appellee
and Appellant,

v.

HALL LABORATORIES, Inc., Appellant
and Appellee.

No. 16908.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1958.

Stanley E. Neely, Dallas, Tex., Walter J. Blenko, Eugene F. Buell, James K. Everhart, Jr., Pittsburgh, Pa., Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., Locke, Locke & Purnell, Dallas, Tex., of counsel, for appellant.

Harold Hoffman, Dallas, Tex., A. D. Caesar, Max R. Millman, Philadelphia, Pa., Caesar & Rivise, Philadelphia, Pa., Coon & Hoffman, Dallas, Tex., of counsel, for appellee.

Before TUTTLE, JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

Hall Laboratories, Inc., herein referred to as Hall, brought suit against Samuels & Company, Inc., herein called Samuels, alleging infringement of a patent and seeking injunctive relief and damages. Hall holds a patent of a chemical process using a complex phosphate compound for the curing of meat to inhibit the undesirable color change known as "greening". Samuels denied that the patent was valid, first, because the claims were unduly broad, incomplete and inoperative, and second, because of prior public knowledge and use. Testimony was taken by interrogatories, depositions and orally before the court. Hall introduced seventeen exhibits and Samuels introduced eighty or more. Of the more than thirteen hundred printed pages of record before us, less than two hundred pages are used to report the proceedings of the trial. The rest of the record is, for the most part, pleadings, interrogatories, depositions and exhibits. At the conclusion of the trial, which lasted a day and a half, the court announced its decision by an opinion from the bench. It was found that, with one exception, the patent was valid,

that it was infringed by Samuels, that further infringement should be enjoined, but that no damages had been sustained and none awarded. Hall appealed and asserts error in the denial of an award of damages. Samuels has cross-appealed and claims the court erred in holding the patent valid and infringed.

■ Samuels contended, among other things, that the patent had been anticipated by the prior art as shown by patents and publications, many of which were from foreign countries. The district court stated [151 F.Supp. 481], "that the prior use which has fattened this record and has been introduced by the defendant from many nations across the seas are not in point and are of no validity in so far as an attack on this particular patent is concerned." We think the claim of Samuels as to anticipation by the foreign patents and publications should be considered. 35 U.S.C. A. § 102; Walker on Patents, Deller's Ed. Vol. I, p. 259, § 49; Rosarie v. Baroid Sales Division, National Lead Co., 5 Cir., 1955, 218 F.2d 72, certiorari denied 349 U.S. 916, 75 S.Ct. 605, 99 L.Ed. 1249, 1253.

■ In rejecting Hall's claim for damages resulting from infringement the district court reached and announced a conclusion, "that the plaintiff has not been damaged by this infringement, the testimony showing, and I find as a fact, that as much as a million, seven hundred thousand dollars has been made since this patent was granted and since the plaintiff had a right to use it." In seeking to uphold the court's refusal to allow damages Samuels urges that the applicable statute, 35 U.S.C.A. § 284, does not require the award of damages in a suit for an injunction, but rather the court has a discretion in the matter which it may exercise. It is certainly the general rule that the plaintiff who sustains a charge of infringement shall be entitled to damages. 35 U.S.C.A. § 284; Walker on Patents, Deller's Ed. Vol. 3, pp. 2152 et seq., § 821. We do not decide that cases may not arise where the right to damages would depend upon an exercise of the court's discretion, but we do hold that a denial of recovery must be based upon some other and better reason than that large amounts of royalties have been paid the patentee by its licensees.

The matters which we have mentioned require a trial de novo. A number of other questions have been raised which we find unnecessary to consider. The judgment will be reversed and the cause remanded for a new trial. If there be any occasion for another appeal after a new trial is had and judgment entered, application may be made for the using of so much of the present record as may be appropriate.

Reversed and remanded.